IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 36785 & 36786

| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 467 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 14, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RANDALL OSTERHOUT, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael R. Crabtree, District Judge.

Orders revoking probation and reinstating previously suspended concurrent unified ten-year sentences, with three-year determinate terms, for burglary and grand theft by possession, affirmed.

Greg S. Silvey, Kuna, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Randall Osterhout pled guilty to burglary, I.C. § 18-1401, and grand theft by possession, I.C. §§ 18-2403(4) and 18-2407(1). In exchange for his guilty pleas, additional charges were dismissed. The district court imposed concurrent unified ten-year sentences, with three-year determinate terms. The court suspended the sentences and placed Osterhout on probation. Following several violations and participation in the retained jurisdiction program, Osterhout filed I.C.R. 35 motions for reduction of his sentences, which the district court denied. Osterhout's probation was ultimately revoked and the suspended sentences ordered into execution. On appeal, Osterhout does not challenge the district court's decision to revoke

1

probation, but argues only that his sentences are excessive and that the district court erred in not sua sponte reducing the sentences upon revocation of probation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, the orders revoking probation and directing execution of Osterhout's previously suspended sentences are affirmed.