**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35805**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 483 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 26, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| THERON JONES, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla S. Williamson, District Judge.

Order revoking probation and reinstating previously suspended unified five-year sentence, with one-year determinate term, for possession of methamphetamine, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Sarah E. Thompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

Theron Jones pled guilty to possession of methamphetamine, I.C. § 18-2732(c), and the district court imposed a unified five-year sentence with a one-year determinate term. The district court suspended the sentence and placed Jones on probation. Jones violated his probation and the district court revoked probation, but retained jurisdiction. Following successful completion of his retained jurisdiction, the district court again suspended the sentence and placed Jones on probation. This probation was subsequently revoked and the suspended sentence ordered into execution. On appeal, Jones does not challenge the district court's decision to revoke probation,

1

but argues only that this sentence is excessive and that the district court should have sua sponte reduced Jones's sentence.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, the order revoking probation and directing execution of Jones's previously suspended sentence is affirmed.