**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38566**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 736 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 7, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| GREGORY KAY EVANS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Order revoking probation and reinstating previously suspended unified ten-year sentence with three-year determinate term for grand theft by possession of stolen property, without modification, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jason M. Gray, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

Gregory Kay Evans pled guilty to grand theft by possession of stolen property, Idaho Code §§ 18-2403(4), 18-2407(1), and the district court imposed a unified ten-year sentence with a three-year determinate term. The court suspended the sentence and placed Evans on probation. Subsequently, Evans admitted to violating several terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence and retained jurisdiction. At the conclusion of the retained jurisdiction period, the court again suspended Evans' sentence and placed him on probation. Approximately one year later Evans again admitted to violating several terms of his probation. The district court revoked his probation,

1

denied an oral motion for reduction of sentence, and ordered execution of the previously-suspended sentence. Evans appeals, contending that the district court abused its discretion by failing to reduce his sentence upon revoking his probation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id*. Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, the order revoking probation and directing execution of Evans' previously suspended sentence, without modification, is affirmed.