**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 35596/35608**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2009 Opinion No. 57** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: August 11, 2009** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **WILLIAM BLAINE HANINGTON,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah Ann Bail, District Judge.

Order revoking probation and requiring execution of unified fifteen-year sentence with seven years determinate for enticing children over the internet, affirmed; order revoking probation and requiring execution of unified five-year sentence with one year determinate term for failing to register as a sex offender, affirmed.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

William Blaine Hanington pled guilty to enticing children over the internet, a felony, Idaho Code § 18-1509A. The district court withheld judgment and placed Hanington on probation for eight years. Hanington admitted to violating his probation and the district court revoked his probation and imposed a unified sentence of fifteen years with seven years determinate. However, the district court retained jurisdiction. Following the period of retained jurisdiction, the district court again placed Hanington on probation. Hanington again admitted to violating his probation and the district court revoked his probation but suspended execution of the sentence and retained jurisdiction for a second time. Following the second period of retained jurisdiction, the district court once again placed Hanington on probation. Following yet another

1

violation of probation, the district court revoked probation and ordered the underlying sentence into execution but reduced the determinate term to six years.

In a separate case, Hanington pled guilty to the offense of failure to register as a sex offender, a felony, I.C. § 18-8309. The district court imposed a unified sentence of five years with one year determinate, to be served consecutive to the sentence in the enticement case, and retained jurisdiction. Following the period of retained jurisdiction, the district court suspended execution of the sentence and placed Hanington on probation for a period of five years. Hanington admitted to violating his probation and the district court revoked his probation and ordered the underlying sentence into execution without modification.

On appeal, Hanington does not dispute the district court's findings that he violated probation or that his probation should be revoked. Instead, Hanington asserts that the district court abused its discretion in failing to further reduce his sentence in the enticement case and failing to reduce his sentence in the failure to register case.

After a probation violation has been established, the court may order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho 324, 326, 834 P.2d 326, 328 (Ct. App. 1992); *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to refuse to reduce the sentence earlier pronounced will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Marks*, 116 Idaho at 978, 783 P.2d at 317.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

In this matter, a dispute has arisen regarding the scope of our review when a sentence is ordered into execution after probation is revoked. Based upon the following language in our decision in *State v. Adams*, 115 Idaho 1053, 1055-1056, 772 P.2d 260, 262-263 (Ct. App. 1989), Hanington contends that we review all facts existing both at the time of the original sentence and at the time the sentence is ordered into execution:

2

Accordingly, we take this opportunity to make it clear that when we review a sentence ordered into execution after probation has been revoked, *we examine the entire record encompassing events before and after the original judgment.* We adopt this scope of review for two reasons. First, the district judge, when deciding whether to order execution of the original sentence or of a reduced sentence, does not artificially segregate the facts into prejudgment and postjudgment categories. The judge naturally and quite properly remembers the entire course of events and considers all relevant facts in reaching a decision. When reviewing that decision, we should consider the same facts. Second, when a sentence is suspended and probation is granted, the defendant has scant reason, and no incentive, to appeal. Only if the probation is later revoked, and the sentence is ordered into execution, does the issue of an excessive sentence become genuinely meaningful. Were we to adopt the state's position that any claim of excessiveness is waived if not made on immediate appeal from the judgment pronouncing but suspending a sentence, defendants would be forced to file preventive appeals as a hedge against the risk that probation someday might be revoked. We see no reason to compel this hollow exercise. Neither do we wish to see the appellate system cluttered with such cases.

(Emphasis added.)

Based upon the following language in our decision in *State v. Chacon*, 146 Idaho 520, 524-525, 198 P.3d 749, 753-754 (Ct. App. 2008), the State contends that we do not base our review upon facts existing when the sentence was imposed, but only facts which occurred between the original pronouncement of the sentence and the revocation of probation:

When we review a sentence that is ordered into execution following a period of probation, *we do not base our review upon the facts existing when the sentence was imposed.* Rather, we examine all the circumstances bearing upon the decision to revoke probation and require execution of the sentence, including events that occurred between the original pronouncement of the sentence and the revocation of probation. *State v. Adams,* 115 Idaho 1053, 1055, 772 P.2d 260, 262 (Ct. App. 1989); *State v. Grove,* 109 Idaho 372, 373, 707 P.2d 483, 484 (Ct. App. 1985); *State v. Tucker,* 103 Idaho 885, 888-89, 655 P.2d 92, 95-96 (Ct. App. 1982).

(Emphasis added.) This standard has been expressed in numerous unpublished decisions as well. The State also cites *State v. Coffin*, 122 Idaho 392, 834 P.2d 909 (Ct. App. 1992), as further support for its view. In *Coffin*, we noted, just as in the instant matter, that the defendant had not challenged the district court's finding that he violated the terms of his probation or the district court's decision to revoke his probation. In addition, as here, the defendant had not appealed from the original judgment of conviction and the issues on appeal were confined to the district

3

court's order revoking probation and ordering the original sentence into execution without modification. We held that:

> Coffin may not now challenge the reasonableness of the sentence originally imposed. *Id.; State v. Paramore,* 119 Idaho 235, 236, 804 P.2d 1366, 1367 (Ct. App. 1991). The scope of our review is restricted to a determination of whether Coffin's sentence now appears excessive in light of circumstances existing when the court ordered the sentences to be executed upon revocation of probation. *Id.; see also State v. Tucker,* 103 Idaho 885, 888, 655 P.2d 92, 95 (Ct. App. 1982). Thus, we will look at all the circumstances bearing on the district court's decision to reinstate the sentence, including events occurring between the original sentencing and the revocation of probation. *Paramore,* 119 Idaho at 236, 804 P.2d at 1367 (citing *State v. Grove,* 109 Idaho 372, 373, 707 P.2d 483, 484 (Ct. App. 1985)).

*Coffin*, 122 Idaho at 394, 834 P.2d at 911.

A slightly different and perhaps clearer statement of our standard was set forth in *State v. Whittle*, 145 Idaho, 49, 52, 175 P.3d 211, 214 (Ct. App. 2007), where we stated:

> When we review a sentence that is ordered into execution following a period of probation, we do not base our review *solely* upon the facts existing when the sentence was imposed. Rather, we *also* examine all the circumstances bearing upon the decision to revoke probation and execute the sentence, including events that occurred while the defendant was on probation. *State v. Adams,* 115 Idaho 1053, 1055, 722 P.2d 260, 262 (Ct. App.1989); *State v. Grove,* 109 Idaho 372, 373, 707 P.2d 483, 484 (Ct. App. 1985).

The State has read our somewhat differing versions of the scope of review too restrictively. We have not intended to suggest that our review is limited solely to events occurring between the original imposition of sentence and the decision to order the sentence into execution. When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion by ordering execution of Hanington's original sentences without further modification. Therefore, the orders revoking probation and directing execution of Hanington's previously suspended sentences are affirmed.

Chief Judge LANSING and Judge GUTIERREZ, **CONCUR.**