**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36680**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2010 Unpublished Opinion No. 524** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: June 24, 2010** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ZACHARY LAWRENCE TAYLOR,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Order revoking probation and reinstating previously suspended unified seven-year sentence, with three-year determinate term, for grand theft, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Heather M. Carlson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Zachary Lawrence Taylor pled guilty to grand theft, I.C. §§ 18-2403(1), 185-2407(1)(b), and the district court withheld judgment and placed Taylor on probation. Thereafter, Taylor violated the terms of his probation, and the district court revoked Taylor's withheld judgment and imposed a unified sentence of seven years, with a minimum period of three years. However, the district court suspended the sentence and placed Taylor on probation. Again Taylor admitted to violation of the term of his probation. The district court revoked Taylor's probation and the suspended sentence was ordered into execution. On appeal, Taylor does not challenge the district court's decision to revoke probation, but argues only that this sentence is excessive and that the district court should have sua sponte reduced the sentence upon revocation.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, the order revoking probation and directing execution of Taylor's previously suspended sentence is affirmed.