**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37033**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 609 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 25, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| AARON MORALES, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Order revoking probation and requiring execution of unified six-year sentence with three-year determinate term for aggravated battery, affirmed.

Molly J. Huskey, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

---

Before LANSING, Chief Judge, GRATTON, Judge
and MELANSON, Judge

---

PER CURIAM

Aaron Morales was convicted of aggravated battery, Idaho Code §§ 18-903, 18-907(1)(a). The district court imposed a unified six-year sentence with a three-year determinate term, but after a period of retained jurisdiction, suspended the sentence and placed Morales on probation. Subsequently, Morales admitted to violating several terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. Morales appeals, contending that the district court abused its discretion in failing to sua sponte reduce his sentences upon revoking probation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and

1

need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in ordering execution of Morales's original sentences without modification. Therefore, the order directing execution of Morales's previously suspended sentence is affirmed.