# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 36773, 36774 & 36804

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 628 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 8, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CHRISTOPHER JAY KING, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla Williamson, Michael E. Wetherell, and Patrick H. Owen, District Judges.

Order revoking probation and reinstating previously suspended unified seven-year sentence, with two-year determinate term, for possession of a controlled substance, <u>affirmed</u>; judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of four years, for possession of a controlled substance with the intent to deliver, <u>affirmed</u>; order revoking probation and reinstating previously suspended unified fifteen-year sentence, with three-year determinate term, for possession of a controlled substance with intent to deliver, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

In Docket No. 36773, Christopher Jay King pled guilty to possession of a controlled substance, I.C. § 37-2732(c). The district court imposed a unified seven-year sentence, with a two-year determinate term. The district court retained jurisdiction. Following successful completion of King's retained jurisdiction, the district court suspended the sentence and placed

1

King on probation. This probation was subsequently revoked and the suspended sentence ordered into execution. On appeal, King does not challenge the district court's decision to revoke probation, but argues only that this sentence is excessive and that the district court should have sua sponte reduced the sentence upon revocation.

In Docket No. 36804, King pled guilty to possession of a controlled substance with the intent to deliver, I.C. § 37-2732(a). The district court imposed a unified fifteen-year sentence, with a three-year determinate term, to run concurrent with his sentence in Docket No. 36773. The district court retained jurisdiction. Following successful completion of King's retained jurisdiction, the district court suspended the sentence and placed King on probation. This probation was subsequently revoked and the suspended sentence ordered into execution. On appeal, King does not challenge the district court's decision to revoke probation, but argues only that this sentence is excessive and that the district court should have sua sponte reduced the sentence upon revocation.

In Docket No. 36774, King pled guilty to possession of a controlled substance with the intent to deliver, I.C. § 37-2732(a). The district court imposed a unified fifteen-year sentence, with a four-year determinate term, to run concurrent with his sentences in Docket Nos. 36773 and 36804. King appeals, asserting that his sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Applying these standards, and having reviewed the records in this case, we cannot say that the district court abused its discretion.

2

Therefore, the orders revoking probation and directing execution of King's previously suspended sentences in Docket Nos. 36773 and 36804 as well as his judgment of conviction and sentence in Docket No. 36774 are affirmed.