**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37604**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 391 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 15, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JUSTIN SCOTT ENGEL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order revoking probation and requiring execution of unified fifteen-year sentence with four-year determinate term for sexual abuse of a minor under the age of sixteen, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Sara B. Thomas, Chief, Appellate Unit, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge, GUTIERREZ, Judge
and MELANSON, Judge

_____

PER CURIAM

Justin Scott Engel was convicted of sexual abuse of a minor under the age of sixteen, Idaho Code § 18-1506. The district court imposed a unified fifteen-year sentence with four years determinate, suspended the sentence, and placed Engel on supervised probation for five years. Following a report of probation violations, Engel's probation was revoked and the district court executed the underlying sentence and retained jurisdiction. After the period of retained jurisdiction, the district court suspended the sentence and again placed Engel on supervised probation. Subsequently, Engel admitted to violating several terms of the probation, and the

1

district court consequently revoked probation and ordered execution of the original sentence. Engel appeals, contending that the district court abused its discretion in failing to sua sponte reduce his sentence upon revoking probation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.*

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in ordering execution of Engel's original sentence without modification. Therefore, the order directing execution of Engel's previously suspended sentence is affirmed.