**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37745**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 401 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 21, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JAMES EARL DAVISON, JR., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Valley County. Hon. Michael R. McLaughlin, District Judge.

Order revoking probation and requiring execution of unified two and one-half-year sentence with one year determinate for possession of a controlled substance, affirmed.

Molly J. Huskey, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

---

PER CURIAM

James Earl Davison, Jr. pled guilty to possession of a controlled substance. Idaho Code § 37-2732(c)(1). The district court imposed a unified four year sentence with two years determinate, suspended the sentence, and placed Davison on supervised probation for four years. Subsequently, Davison admitted to violating several terms of the probation, and the district court consequently revoked probation and sua sponte reduced the sentence and ordered execution of a unified sentence of two and one-half years with one year determinate. Davison appeals, contending that the district court abused its discretion in failing to further reduce the indeterminate portion of his sentence.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in ordering execution of Davison's reduced sentence without further modification. Therefore, the order revoking probation and directing execution of Davison's previously suspended and modified sentence is affirmed.