**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38453**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 700 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 15, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CHARLES GLENN FORDYCE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

Order revoking probation and reinstating previously suspended unified ten-year sentence, with five-year determinate term, for aggravated battery, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before LANSING, Judge; GUTIERREZ, Judge;
and MELANSON, Judge

---

PER CURIAM

Charles Glenn Fordyce pled guilty to aggravated battery, I.C. § 18-903(b), 18-907(b), and the district court imposed a unified ten-year sentence, with a five-year determinate term. The court suspended the sentence and placed Fordyce on probation. This probation was subsequently revoked and the suspended sentence ordered into execution. On appeal, Fordyce does not challenge the district court's decision to revoke probation, but argues only that this sentence is excessive and that the district court should have sua sponte reduced his sentence upon revocation of probation.

Upon revoking a defendant's probation, a court may order the original sentence executed or reduce the sentence as authorized by I.C.R. 35. *State v. Hanington*, 148 Idaho 26, 28, 218

1

P.3d 5, 7 (Ct. App. 2009). Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. The record in this case shows that the district court properly considered the information before it and determined that probation or modification of the sentence was not appropriate. Fordyce has failed to show that the district court abused its discretion. Therefore, the order revoking probation and directing execution of Fordyce's previously suspended sentence is affirmed.