**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38495**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | **2011 Unpublished Opinion No. 740** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: December 8, 2011** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| RICHARD EARL SHELLENBARGER, | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order revoking probation and requiring execution of unified seven-year sentence with two-year determinate term for felony possession of methamphetamine, affirmed.

Molly J. Huskey, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

Richard Earl Shellenbarger was convicted of felony possession of methamphetamine, Idaho Code § 37-2732(c), and misdemeanor operating a motor vehicle while under the influence, Idaho Code § 18-8004.[1] The district court imposed a unified seven-year sentence with a two-year determinate term for the possession charge, but after a period of retained jurisdiction, suspended the sentence and placed Shellenbarger on probation. Subsequently, Shellenbarger

_____

[1] Shellenbarger is not appealing his sentence for operating a motor vehicle while under the influence.

1

admitted to violating several terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. Shellenbarger appeals, contending that the district court abused its discretion in failing to sua sponte reduce his sentence upon revoking probation.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id*.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Shellenbarger's original sentence without modification. Therefore, the order revoking probation and directing execution of Shellenbarger's previously suspended sentence is affirmed.