# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 38410 & 38411

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 317 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 12, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| PAUL EUGENE McBRIDE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Judgment of conviction and concurrent unified sentences of thirty years, with minimum periods of confinement of twenty-five years, for two counts of sexual exploitation of a child, underlined affirmed; order revoking probation and reinstating previously suspended unified six-year sentence with four-year determinate term for possession of a controlled substance, affirmed.

Molly J. Huskey, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

In Docket No. 38410, Paul Eugene McBride pled guilty to two counts of sexual exploitation of a child. I.C. § 18-1507. In exchange for his guilty plea, other charges and an allegation that McBride was a persistent violator were dismissed. The district court sentenced McBride to concurrent unified terms of thirty years, with minimum periods of confinement of twenty-five years. McBride appeals.

In Docket No. 38411, McBride pled guilty to one count of possession of a controlled substance. I.C. § 37-2732(c)(1). The district court suspended the sentence and placed McBride

1

on probation. He was serving this probation when he pled guilty to the charges in Docket No. 38410. Following the admission that he violated the terms of probation, the district court revoked probation and ordered execution of McBride's original sentence. The district court ordered that McBride's original sentence of six years, with a minimum period of confinement of four years, for possession of a controlled substance run concurrent with the sentences in Docket No. 38410.

McBride argues that his sentences for sexual exploitation of a child are excessive. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

McBride also argues that the district court should have sua sponte reduced his sentence for possession of a controlled substance upon the revocation of probation. Upon revoking a defendant's probation, a court may order the original sentence executed or reduce the sentence as authorized by I.C.R. 35. *State v. Hanington*, 148 Idaho 26, 28, 218 P.3d 5, 7 (Ct. App. 2009). When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. The record in this case shows that the district court properly considered the information before it and determined that probation or modification of the sentence was not appropriate. McBride has failed to show that the district court abused its discretion.

Therefore, McBride's judgment of conviction and sentence and the order revoking probation and directing execution of McBride's previously suspended sentence are affirmed.

2