**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38863**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 395 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 7, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ERIKA RHONDA STERNBERG, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Timothy Hansen, District Judge.

Order revoking probation and reinstating previously suspended unified seven-year sentence with two-year determinate term for possession of a controlled substance, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Erika Rhonda Sternberg pled guilty to possession of a controlled substance.  I.C. § 37-2732(c).  Pursuant to a plea agreement, the district court placed Sternberg in the drug court program.  Sternberg was later expelled from drug court.  The district court imposed a unified seven-year sentence, with a two-year determinate term, but retained jurisdiction.  Following completion of the retained jurisdiction, the district court suspended the sentence and placed Sternberg on probation.  Sternberg thereafter admitted to violating the terms of her probation, and the district court revoked probation and ordered execution of Sternberg's original sentence.

1

Sternberg filed an I.C.R. 35 motion for reduction of her sentence, which the district court denied. On appeal, Sternberg does not challenge the district court's decision to revoke probation, but argues only that this sentence is excessive and that the district court should have sua sponte reduced her sentence upon revocation of probation.

Upon revoking a defendant's probation, a court may order the original sentence executed or reduce the sentence as authorized by I.C.R. 35. *State v. Hanington*, 148 Idaho 26, 28, 218 P.3d 5, 7 (Ct. App. 2009). Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. The record in this case shows that the district court properly considered the information before it and determined that probation or modification of the sentence was not appropriate. Sternberg has failed to show that the district court abused its discretion. Therefore, the order revoking probation and directing execution of Sternberg's previously suspended sentence is affirmed.