**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38946**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 489 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 23, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DOUGLAS L. NORTH, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order revoking probation and executing reduced, unified five-year sentence with two-year determinate term for felony driving under the influence of alcohol, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

Douglas L. North pled guilty to felony driving under the influence of alcohol, Idaho Code §§ 18-8004, 18-8005(7), and the district court imposed a unified five-year sentence with a four-year determinate term. The court suspended the sentence and placed North on supervised probation for five years. This probation was subsequently revoked and the court ordered executed a reduced unified sentence of five years with two years determinate. On appeal, North does not challenge the district court's decision to revoke probation, but argues that the district court abused its discretion by declining to further reduce his sentence.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.* Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, the order revoking probation and directing execution of North's reduced sentence is affirmed.