# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 39097/39111/39112

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 512 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 12, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STANLEY G. FISHER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Orders revoking probation and requiring execution of concurrent unified sentences of five years with two years determinate and five years with three years determinate for two offenses of felony driving under the influence of alcohol; and imposition of a ten-year unified sentence with four years determinate for a third felony DUI conviction, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LANSING, Judge;
and MELANSON, Judge

---

PER CURIAM

These cases are consolidated on appeal. Stanley G. Fisher was convicted in Docket No. 39111 of felony driving under the influence of alcohol, Idaho Code §§ 18-8004, 18-8005. The district court imposed a unified five-year sentence with a two-year determinate term, suspended the sentence, and placed Fisher on supervised probation for five years. Approximately one year later, in Docket No. 39097, Fisher was again convicted of felony driving under the influence, Idaho Code §§ 18-8004, 18-8005(5). The district court imposed a

1

unified five-year sentence with a three-year determinate term and retained jurisdiction. After the period of retained jurisdiction, the district court suspended the sentence and again placed Fisher on supervised probation for five years. One month later, in Docket No. 39112, Fisher pleaded guilty to a third charge of felony driving under the influence, Idaho Code §§ 18-8004, 18-8005(7). Fisher admitted to violating his probation in Docket Nos. 39111 and 39097, and the district court consequently revoked probation and ordered execution of the original sentences in those cases and imposed a unified ten-year sentence with a four-year determinate term in Docket No. 39112. All three sentences were ordered to run concurrently. Fisher appeals, contending that the district court abused its discretion by ordering his underlying sentences executed without reduction in Docket Nos. 39097 and 39111, and by imposing an excessive sentence in Docket No. 39112.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id*.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation and ordering execution of Fisher's original sentences without modification in Docket Nos. 39097 and 39111, or in imposing sentence in Docket No. 39112. Therefore, the orders revoking probation and directing execution of Fisher's previously suspended sentences in Docket Nos. 39111 and 39097, and the judgment of conviction and sentence in Docket No. 39112 are affirmed.