# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 38396

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 599 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 22, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ALICIA MARIE JOSLIN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

Order revoking probation and requiring execution of unified three and one-half-year sentence with one and one-half-year determinate term for possession of methamphetamine, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

Alicia Marie Joslin was convicted of possession of methamphetamine, Idaho Code § 37-2732(c)(1), and misdemeanor injury to a child, I.C. §§ 18-1501(1), 18-204. For the possession offense, the district court imposed a unified three and one-half-year sentence with a one and one-half-year determinate term, suspended the sentence and placed Joslin on probation. Subsequently, following three reports of probation violations, Joslin admitted to violating several terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence for possession of methamphetamine. Joslin appeals,

1

contending that the district court abused its discretion in failing to sua sponte reduce her sentence upon revoking probation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id*.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Joslin's original sentence without modification. Therefore, the order revoking probation and directing execution of Joslin's previously suspended sentence is affirmed.