# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 39354

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 607** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: August 27, 2012** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **COURTNEY B. GOFF,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Order revoking probation and requiring execution of unified ten-year sentence with five-year determinate term for felony domestic violence, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah A. Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Courtney B. Goff was convicted of felony domestic violence, Idaho Code §§ 18-903, 18-918(2). The district court imposed a unified ten-year sentence with a five-year determinate term, but after a period of retained jurisdiction, suspended the sentence and placed Goff on supervised probation for seven years. Subsequently, Goff admitted to violating several terms of the probation, and the district court consequently revoked probation, ordered execution of the original sentence, and retained jurisdiction a second time. Following the second period of retained jurisdiction, the district court suspended Goff's sentence and placed him on supervised probation for six years. Goff admitted to violating his probation and the district court revoked

1

probation and ordered the underlying sentence executed. Goff appeals, contending that the district court abused its discretion in failing to reduce his sentence upon revoking probation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Goff's original sentence without modification. Therefore, the order revoking probation and directing execution of Goff's previously suspended sentence is affirmed.