**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40192**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 470** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: April 30, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JOSE TAPIA-LOPEZ,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael R. Crabtree, District Judge.

Order revoking probation and requiring execution of unified twelve-year sentence with three-year determinate term for possession of methamphetamine with intent to deliver, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Jose Tapia-Lopez was convicted of possession of methamphetamine with intent to deliver, Idaho Code § 37-2732(a)(1)(A). The district court imposed a unified twelve-year sentence with a three-year determinate term, but after a period of retained jurisdiction, suspended the sentence and placed Tapia-Lopez on probation. Subsequently, Tapia-Lopez admitted to violating several terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. Tapia-Lopez appeals, contending that the district court abused its discretion in failing to sua sponte reduce his sentence upon revoking probation.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Tapia-Lopez's original sentence without modification. Therefore, the order revoking probation and directing execution of Tapia-Lopez's previously suspended sentence is affirmed.