**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 44508/44509**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 437** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  April 18, 2017** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **FRANCISCO JAVIER LOPEZ,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County.  Hon. Bruce L. Pickett, District Judge.

Order revoking probation, executing original sentence without reduction, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge
_____

PER CURIAM

In these consolidated appeals, Francisco Javier Lopez pled guilty to unlawful discharge of a firearm at an occupied vehicle (Docket No. 44508), and possession of a controlled substance with intent to deliver (Docket No. 44509).  Idaho Code §§ 18-3317, 37-2732(a)(1)(A).  In exchange for his guilty plea, additional charges were dismissed.  The district court sentenced Lopez to concurrent unified terms of twelve years with two years determinate in the unlawful discharge case; and eight years with two years determinate in the possession case.  Lopez filed an Idaho Criminal Rule 35 motion for a reduction of sentence in each case, both of which the district court granted by retaining jurisdiction.  Following the period of retained jurisdiction, the

1

district court suspended Lopez's sentences and placed him on supervised probation for a period of six years. Lopez admitted to various probation violations and the district court again retained jurisdiction, thereafter placing Lopez on probation. Subsequently, Lopez admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentences without reduction. Lopez appeals, contending that the district court abused its discretion by declining to reduce his sentences upon revoking probation.

The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence upon revocation of probation. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in ordering execution of Lopez's sentences without modification. Therefore, the orders revoking probation and directing execution of Lopez's previously suspended sentences are affirmed.