# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46316

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

MARIA ELENA CASTANEDA,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Filed: May 17, 2019

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael P. Tribe, District Judge.

Order revoking probation, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

        Maria Elena Castaneda pleaded guilty to felony injury to children. I.C. § 18-1501. The district court imposed a ten-year sentence, with two years determinate, suspended the sentence and placed Castaneda on probation. Castaneda violated the terms of her probation twice and each time, the district court continued Castaneda on probation. Following her third probation violation, the district court executed Castaneda's underlying sentence, but after a period of retained jurisdiction, suspended the sentence and placed Castaneda on probation. Subsequently, Castaneda admitted to violating the terms of her probation a fourth time and the district court revoked probation and ordered execution of the original sentence. On appeal, Castaneda does not challenge the district court's decision to revoke probation, but argues only that the district

1

court abused its discretion by failing to reduce the indeterminate portion of her sentence upon revocation of probation.

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, the order revoking probation and directing execution of Castaneda's previously suspended sentence is affirmed.