IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 49979

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: March 7, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| AMELIA NOHEMI ISLAS-CAMPOS, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael P. Tribe, District Judge.

Order revoking probation, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Amelia Nohemi Islas-Campos pled guilty to one count of battery on a law enforcement officer, Idaho Code § 18-915(3). In exchange for her guilty plea, additional charges were dismissed. The district court imposed a unified term of five years with three years determinate, to be served concurrently with a sentence in an unrelated case, and retained jurisdiction. Following the period of retained jurisdiction, the district court suspended the sentence and placed Islas-Campos on probation. Subsequently, Islas-Campos admitted to violating the terms of the probation, and the district court consequently revoked probation, ordered execution of the original sentence, and retained jurisdiction for a second time.

1

Following the second period of retained jurisdiction, the district court again placed Islas-Campos on probation. Islas-Campos admitting to violating the terms of the probation for the second time; thereafter, the district court revoked Islas-Campos's probation. Islas-Campos appeals, contending that the district court abused its discretion by revoking probation without modifying the underlying sentence to a unified term of five years with two years determinate.

The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion by, upon revocation of probation, ordering execution of Islas-Campos's sentence without modification. Therefore, the order revoking probation and directing execution of Islas-Campos's previously suspended sentence is affirmed.