**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37842**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 673 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 16, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| GRANT HAYDEN FISCHER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order revoking probation and reinstating previously suspended unified five-year sentence with one-year determinate term for burglary, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Grant Hayden Fischer pled guilty to burglary, and the district court imposed a unified five-year sentence with a one-year determinate term. The district court suspended the sentence and placed Fischer on probation for three years. Fischer violated probation by his failure to comply with the conditions of mental health court. The district court again granted probation but extended the term of probation to five years. Following several probation violations, the district court revoked probation but retained jurisdiction. Upon review, the district court again granted probation, which Fischer again violated. The district court again revoked probation but retained jurisdiction for a second time. Upon review, Fischer was again placed on probation. On appeal,

1

Fischer argues only that his sentence is excessive and that the district court should have sua sponte reduced it upon revocation of probation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, the order revoking probation and directing execution of Fischer's previously suspended sentence is affirmed.