IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39389

| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 716 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 13, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TYLER SHAWN CLAPP, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Order revoking probation and reinstating previously suspended unified ten-year sentence with three-year determinate term for felony driving under the influence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Tyler Shawn Clapp pled guilty to felony driving under the influence. I.C. §§ 18-8004, 18-8005(9). In exchange for his guilty plea, the state dismissed an allegation that Clapp was a persistent violator. The district court imposed a unified ten-year sentence with a three and a half-year determinate term. The district court retained jurisdiction and, following completion of Clapp's rider, the district court suspended the sentence and placed Clapp on probation. This probation was subsequently revoked and the suspended sentence ordered into execution. However, the district court reduced Clapp's sentence to a unified term of ten years, with a minimum period of confinement of three years. Clapp filed an I.C.R. 35 motion for reduction of

1

sentence, which the district court denied. On appeal, Clapp does not challenge the district court's decision to revoke probation, but argues only that this sentence is excessive and that the district court should have further sua sponte reduced Clapp's sentence upon upon revocation of probation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, the order revoking probation and directing execution of Clapp's previously suspended sentence, as modified, is affirmed.