IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40065

| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 363 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 14, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| WILL ROGER LYNN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order revoking probation and requiring execution of unified ten-year sentence with five-year determinate term for injury to child, affirmed.

Sara B. Thomas, State Appellate Public Defender; Ben Patrick McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Will Roger Lynn pled guilty to injury to child, a felony. Idaho Code § 18-1501(1). The district court imposed a determinate ten-year sentence, suspended the sentence and placed Lynn on probation for seven years. Subsequently, Lynn admitted to violating several terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. However, on its own motion, the district court reduced the sentence to a unified term of ten years with five years determinate. Lynn appeals, contending that the district court abused its discretion by failing to retain jurisdiction upon revocation of his probation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and

1

need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion by failing to retain jurisdiction upon revocation of probation. Therefore, the order revoking probation and directing execution of Lynn's reduced sentence is affirmed.