**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 40024/40025**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 478 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 2, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DARYL SCOTT HAYS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order revoking probation and requiring execution of unified sentence of six years, with two years determinate, for possession of a controlled substance, affirmed; order revoking probation and executing reduced, consecutive sentence of a unified term of seven years, with one year determinate, for possession of a controlled substance, affirmed; orders denying Idaho Criminal Rule 35 motions for reduction of sentences, affirmed.

Stephen D. Thompson, Ketchum, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

In docket number 40024, Daryl Scott Hays pled guilty to possession of a controlled substance (methamphetamine), Idaho Code § 37-2732(c)(1). The district court imposed a unified sentence of six years, with two years determinate, but suspended the sentence and placed Hays on probation. Subsequently, Hays admitted to violating the terms of his probation on two separate occasions, and on each occasion, the district court revoked probation, but then ordered a new term of probation.

1

While still on probation, Hays incurred a new criminal charge and pled guilty to possession of a controlled substance (methamphetamine), I.C. § 37-2732(c)(1), in docket number 40025. The district court imposed a unified sentence of seven years, with three years determinate, to run consecutive to Hays' sentence in docket number 40024, but retained jurisdiction.

Hays also admitted to violating the terms of his probation in docket number 40024. The district court revoked Hays' probation and executed the underlying sentence, but retained jurisdiction.

After a period of retained jurisdiction, the district court suspended the sentences and placed Hays on probation in both cases. A couple years later, Hays admitted to violating several terms of his probation. In docket number 40024, the district court revoked probation and executed the underlying sentence of a unified term of six years, with two years determinate. In docket number 40025, the district court revoked probation and executed a reduced sentence of a unified term of seven years, with one year determinate, to run consecutively to Hays' sentence in docket number 40024. Hayes filed Idaho Criminal Rule 35 motions for reduction of his sentences in both cases, which the district court both denied based on a lack of new or additional information in support of the motions.

Hays appealed in both cases. On appeal, Hays contends the district court abused its discretion by executing excessive sentences upon revoking probation and by denying his Rule 35 motions. The two cases have been consolidated on appeal.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our

review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion by ordering execution of Hays' original sentence without modification in docket number 40024. Nor can we say the district court abused its discretion by ordering execution of the reduced sentence in docket number 40025.

A motion for reduction of sentence under Idaho Criminal Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). An appeal from the denial of a Rule 35 motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information. *Id.* Because no new or additional information in support of Hays' Rule 35 motions was presented, the district court did not abuse its discretion.

Therefore, the order revoking probation and directing execution of Hays' original sentence in docket number 40024 and the order revoking probation and executing a reduced sentence in docket number 40025 are affirmed. Additionally, the district court's orders denying Hays' Rule 35 motions are also affirmed.