# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40376

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 590 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 25, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| LLOYD PREACHER, SR., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Order revoking probation and execution of modified, unified ten-year sentence, with five-year determinate, term for felony driving under the influence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Lloyd Preacher, Sr. pled guilty to felony driving under the influence, I.C. §§ 18-8004(1)(a) and 18-8005(7). In exchange for his guilty plea, the state dismissed an allegation that Preacher was a persistent violator. The district court imposed a unified ten-year sentence with a seven-year determinate term, but suspended the sentence and placed Preacher on probation. Preacher admitted to violating the terms of his probation and, in exchange, the state dismissed a new charge of driving under the influence. Preacher's probation was subsequently revoked and the suspended sentence ordered into execution. However, in executing Preacher's sentence, the district court reduced the sentence to a unified term of ten years, with a minimum period of confinement of five years. On appeal, Preacher does not challenge the district court's decision to

1

revoke probation, but argues only that this sentence is excessive and that the district court should have further sua sponte reduced the sentence.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, the order revoking probation and directing execution of Preacher's modified sentence is affirmed.