**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41340**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 436 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 1, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DAVID WAYNE HENDERSON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Order revoking probation and requiring execution of concurrent unified six-year sentence with three-year determinate term for forgery, <u>affirmed</u>.

Brady Law, Chartered; Eric D. Fredericksen, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

David Wayne Henderson pled guilty to forgery. Idaho Code § 18-3601. The district court imposed a unified six-year sentence with a three-year determinate term to run concurrently with another case, and retained jurisdiction. Following the period of retained jurisdiction, the district court suspended the sentence and placed Henderson on supervised probation for a period of five years. Subsequently, Henderson admitted to violating several terms of the probation and the district court continued him on supervised probation for five years. Henderson admitted to violating his probation a second time and the district court consequently revoked probation and ordered execution of the original sentence. Henderson appeals, contending that the district court abused its discretion when, upon revoking probation, it did not sua sponte reduce his sentence.

1

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id*. Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in ordering execution of Henderson's original sentence without modification. Therefore, the order revoking probation and directing execution of Henderson's previously suspended sentence is affirmed.