IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 41143 & 41145

| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 493 |
|---|---|---|
| Plaintiff-Respondent, | ) | Filed: May 6, 2014 |
| v. | ) | Stephen W. Kenyon, Clerk |
| RICHARD LEWIS McDOWELL, | ) | THIS IS AN UNPUBLISHED |
| Defendant-Appellant. | ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Lynn G. Norton, District Judge.

Order revoking probation and reinstating modified unified sentence of five years, with a minimum period of confinement of one year, for possession of a controlled substance, <u>affirmed</u>; judgment of conviction and unified sentence of seven years, with a minimum period of confinement of one and one-half years, for possession of a controlled substance, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

        In Docket No. 41143, Richard Lewis McDowell pled guilty to possession of a controlled substance, I.C. § 37-2732(c), and the district court imposed a unified five-year sentence, with a two-year determinate term.  The court suspended the sentence and placed McDowell on probation.

        In Docket No. 41145, McDowell pled guilty to possession of a controlled substance, I.C. § 37-2732(c), and the district court imposed a unified sentence of seven years, with a minimum period of confinement of one and one-half years, to run concurrent with his sentence in Docket

No. 41143. Following this guilty plea, the district court revoked probation in Docket No. 41143 and ordered execution of the previously suspended sentence. McDowell filed I.C.R. 35 motions for reduction of his sentences. The district court granted McDowell's motion as to Docket No. 41143 and reduced the sentence to a unified term of five years, with a minimum period of confinement of one year, and denied the motion as to Docket No. 41145.

On appeal, McDowell does not challenge the district court's decision to revoke probation in Docket No. 41143, but argues only that his modified sentence is excessive. In Docket No. 41145, McDowell asserts that his sentence is excessive.[1]

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).

---

[1]    In his appellant's brief on appeal, McDowell indicates that he does not challenge the district court's orders granting and denying his Rule 35 motions for reduction of his sentences. However, in the conclusion of his appellant's brief, McDowell urges this Court to vacate the district court's orders regarding McDowell's Rule 35 motions. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Therefore, although it is unclear whether McDowell seeks relief from these orders, he has waived these issues on appeal.

Therefore, the order revoking probation and directing execution of McDowell's modified sentence in Docket No. 41143 and the judgment of conviction and sentence in Docket No. 41145 are affirmed.