**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40896**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 580 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 23, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DWAYNE CURTIS WASHBURN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. John T. Mitchell, District Judge.

Order revoking probation and requiring execution of concurrent unified five-year sentences with two-year determinate terms for three counts of grand theft by possession of stolen property, _affirmed_.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

PER CURIAM

Dwayne Curtis Washburn was convicted of three counts of grand theft by possession of stolen property, Idaho Code § 18-2403(4). The district court imposed concurrent unified sentences of five years with three years determinate, suspended the sentences, and placed Washburn on supervised probation. A report of probation violation was filed, but the district court continued Washburn on probation. Subsequently, Washburn admitted to violating several terms of the probation, and the district court consequently revoked probation, ordered execution of reduced sentences of five years with two years determinate, and retained jurisdiction. Washburn appealed, contending that the district court abused its discretion in revoking probation

1

and in failing to further sua sponte reduce his sentences. Because upon Washburn's completion of retained jurisdiction, the district court suspended Washburn's sentences and placed him on supervised probation, the only issue remaining is whether the court abused its discretion in failing to further sua sponte reduce the sentence.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id*. Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).

Assuming Washburn can challenge the district court's failure to further sua sponte reduce his sentences, we conclude that the district court did not err in ordering execution of Washburn's modified sentences without further reduction. Therefore, the order revoking probation and directing execution of Washburn's previously suspended sentences is affirmed.