**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41194**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 650 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 7, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RILEY TONY NICHOLAS J. HART, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Order revoking probation and requiring execution of indeterminate six-year sentence for grand theft, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Riley Tony Nicholas J. Hart pled guilty to grand theft. Idaho Code § 18-2403(1). The district court imposed a unified six-year sentence with a two-year determinate term, but suspended the sentence and placed Hart on probation for a period of six years. Subsequently, Hart absconded from probation. Hart later admitted to violating his probation and the district court reinstated his probation. Hart again admitted to violating several terms of the probation, and the district court consequently revoked probation and sua sponte ordered execution of a reduced sentence of an indeterminate term of six years. Hart appeals, contending that the district court abused its discretion when it failed to further reduce his sentence.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in ordering execution of the reduced sentence. Therefore, the order revoking probation and directing execution of the reduced sentence is affirmed.