# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 44205 & 44206

| | |
|---|---|
| STATE OF IDAHO, | ) 2016 Unpublished Opinion No. 765 |
| | ) |
| Plaintiff-Respondent, | ) Filed: November 7, 2016 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| PAMELA BORUP, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Order revoking probation and executing modified but previously suspended sentence, affirmed; judgment of conviction and unified sentence of six years, with a minimum period of confinement of three years, for grand theft, affirmed.

Eric D. Fredericksen, Interim State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

---

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

---

PER CURIAM

In Docket No. 44205, Pamela Borup pled guilty to felony domestic violence. I.C. §§ 18-918(2) and 18-903(a). The district court sentenced Borup to a unified term of seven years, with a minimum period of confinement of three years. The district court, however, retained jurisdiction and sent Borup to participate in the rider program. Following successful completion of her rider, the district court suspended the sentence and placed Borup on probation. Subsequently, Borup admitted to violating the terms of her probation. Prior to disposition of the probation violation,

1

Borup was charged with additional new offenses in Docket No. 44206. Pursuant to a plea agreement, Borup pled guilty to grand theft. I.C. §§ 18-2403(1), 18-2407(1)(b)(4), and 18-2409.

The district court revoked probation in Docket No. 44205 and ordered execution of Borup's sentence. However, the district court reduced the sentence to a unified term of six years, with a minimum period of confinement of three years. In Docket No. 44206, the district court sentenced Borup to a unified term of seven years, with a minimum period of confinement of three years, to run concurrent with the sentence in Docket No. 44206.

On appeal, Borup does not challenge the district court's decision to revoke probation, but argues only that her modified sentence for felony domestic violence is excessive and that her sentence for grand theft is also excessive.[1]

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have further reduced the sentence upon revocation of probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in either case.

---

[1] In Docket No. 44206, Borup also pled guilty and was sentenced for misdemeanor violation of a no-contact order. However, she does not challenge that judgment of conviction and sentence on appeal.

Therefore, the order revoking probation and directing execution of Borup's modified sentence in Docket No. 44205 and the judgment of conviction and concurrent sentence in Docket No. 44206 are affirmed.