# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 50185/50186/50187

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: August 16, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| ALEX ANDREW O'CONNOR, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgments of conviction, <u>affirmed</u>; orders of probation revocation, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Emily M. Joyce, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

In Docket No. 50185, Alex Andrew O'Connor pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1), and the State dismissed an additional charge. The district court sentenced O'Connor to a unified term of five years with two years determinate, suspended that sentence, and placed him on probation for three years. Five months into his probation, O'Connor admitted to violating his probation. The district court revoked his probation, executed the underlying sentence, and retained jurisdiction. Following the period of retained jurisdiction, the district court placed O'Connor back on probation for a period of three years. In Docket No. 50186, O'Connor pled guilty to one count of aggravated assault and one count of battery, I.C. §§ 18-901, 18-905, 18-903 and admitted to violating his probation in Docket No. 50185.

1

The district court sentenced O'Connor to a unified term of five years with two years determinate and retained jurisdiction. The district court ordered the sentence to run consecutive to his sentence in Docket No. 50185. The district court again revoked probation in Docket No. 50185, executed the underlying sentence, and retained jurisdiction. After completing the term of retained jurisdiction, the district court placed O'Connor on probation for three years in both Docket Nos. 50185 and 50186. Several months later, O'Connor admitted to violating his probation in both cases. The district court continued O'Connor on probation. Subsequently, O'Connor again admitted to violating the terms of his probation in both cases. The district court revoked his probation, executed his underlying sentences, and retained jurisdiction in both cases. Thereafter, the district court placed O'Connor back on probation in both Docket Nos. 50185 and 50186.

In Docket No. 50187, O'Connor pled guilty to domestic battery, violation of a no-contact order, and obstructing an officer, I.C. §§ 18-903, 18-918(2), 18-920, 18-705 and additional charges were dismissed. In addition, O'Connor admitted to violating his probation in Docket Nos. 50185 and 50186. The district court revoked O'Connor's probation and executed the underlying sentences without a sentence reduction in Docket Nos. 50185 and 50186. In Docket No. 50187, the district court imposed a unified sentence of ten years, with three years determinate, to run consecutive to his sentences in Docket Nos. 50185 and 50186.

O'Conner neither challenges his admissions to violating his probation, nor challenges the district court's revocation of his probation in Docket Nos. 50185 and 50186. O'Conner asserts that the district court should have reduced his sentences by ordering them to be served concurrently. In Docket No. 50187, O'Connor further asserts that the district court abused its discretion by imposing an excessive sentence.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. See State v. Hernandez, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); State v. Lopez, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); State v. Toohill, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. State v. Oliver, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable

2

minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment.  *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009).  We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation.  *Id.*  Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal.  *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in ordering execution of O'Connor's sentences without modification upon revoking his probation in Docket Nos. 50185 and 50186, or in imposing sentence in Docket No. 50187.  The orders revoking probation and directing execution of O'Connor's previously suspended sentences in Docket Nos. 50185 and 50186 are affirmed; O'Connor's judgment of conviction and sentence in Docket No. 50187 are affirmed.