# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51414

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

ROBERT HENRY MEDLEY, III,

    Defendant-Appellant.

Filed: March 17, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick J. O'Neill, District Judge.

Order revoking probation and executing previously suspended sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Robert Henry Medley, III pled guilty to felony operating a motor vehicle while under the influence of alcohol (two or more convictions within ten years), Idaho Code §§ 18-8004, -8005(6). In exchange for his guilty plea, additional charges were dismissed. In December 2013, the district court imposed a unified sentence of ten years, with a minimum period of incarceration of two years, but after a period of retained jurisdiction, suspended the sentence and placed Medley on probation. In January 2023, Medley admitted to violating terms of the probation and in March 2023, the district court consequently revoked and reinstated Medley's probation and ordered him to serve an additional term of ten days jail, with all options, to be completed within a year. In September 2023, the State filed another motion for probation violation and approximately one

1

month later, the district court held an evidentiary hearing where Medley was found to have again violated terms of the probation. At the disposition hearing held in November 2023, the district court revoked probation and ordered execution of the original sentence. On appeal, Medley does not challenge the district court's decision to revoke probation but argues only that the district court abused its discretion in failing to reduce his sentence.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence upon revocation of probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, the order revoking probation and directing execution of Medley's original sentence is affirmed.