# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52301

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: October 21, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| ERIC EUGENE SANDERSON, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Hon. Kiley Stuchlik, District Judge.

Order revoking probation, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge
_____

PER CURIAM

Eric Eugene Sanderson pled guilty to possession of a controlled substance.[1] In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Sanderson to a unified term of four years, with a minimum period of confinement of one year. The district court suspended the sentence and placed Sanderson on probation. Subsequently, Sanderson admitted to violating the terms of the probation, and the district court consequently revoked probation and

_____

[1]     We note that the judgment of conviction and the amended judgment of conviction cite the erroneous Idaho Code section.

1

ordered execution of the original sentence. On appeal, Sanderson does not challenge the district court's decision to revoke probation but argues only that the district court erred by not commuting his sentence to credit for time served.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

To the extent Sanderson contends the district court did not understand its discretion to commute his sentence (as opposed to giving him statutory credit for time served he was not entitled to), we disagree. A review of the record reveals that the district court understood Sanderson's commutation request and concluded that revocation and imposition of his sentence without modification was appropriate. This decision was within the district court's discretion. Therefore, the order revoking probation and directing execution of Sanderson's previously suspended sentence is affirmed.