# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52519

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 3, 2026 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JOSEPH DANIEL WALKER, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Blaine P. Cannon, District Judge.

Order revoking probation and execution of unified four-year sentence with two-year determinate term for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Abigael E. Schulz, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Joseph Daniel Walker entered an *Alford*[1] plea to  possession of a controlled substance, Idaho Code § 37-2732(c)(1).  In exchange for his guilty plea, an additional charge was dismissed. The district court imposed a unified term of four years with two years determinate, suspended the sentence, and placed Walker on probation.  Walker violated his probation, and the district court ordered that Walker participate in Mental Health Court from which Walker was later expelled. After again admitting to violating his probation the district court retained jurisdiction.  Following

_____

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

the period of retained jurisdiction, the district court placed Walker on probation for a period of two and one-half years. Walker again admitted to violating his probation and the district court extended his probation for a term of one and one-half years. The State alleged that Walker had again violated his probation. Following an evidentiary hearing, the district court revoked his probation and executed his underlying sentence. Walker appeals, contending that the district court abused its discretion by failing to commute his sentence upon revocation of probation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in ordering execution of Walker's sentence without modification. Therefore, the order revoking probation and directing execution of Walker's previously suspended sentence is affirmed.